UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SAUNDRA PEYTON, )
)
        Plaintiff, )
)
   vs. ) No. 1:13-cv-01654-SEB-TAB
)
CAROLYN COLVIN, )
)
        Defendant. )

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel November 20, 2014, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that the decision of the Commissioner be affirmed, and that Plaintiff's brief in support of appeal be denied.

THE COURT: I will now issue my recommended decision in this case. I appreciate the oral arguments that were made. They were very helpful.

This appeal, at least on its briefs, presents two issues which I will state as follows: Number one, whether the ALJ erred in qualifying Dr. Brater as a nontreating physician; and number two, whether the ALJ gave proper weight to Dr. Brater's opinion so as to create an accurate RFC determination.

Before addressing these issues, let me briefly set forth the background of the case. Plaintiff alleges that her disability began on April 19, 2008. The ALJ held a hearing on April 6th, 2012, and issued his decision on July 26th, 2012, denying Peyton's claim.

The ALJ concluded that Peyton satisfied steps one and two of the five-step analysis. The ALJ found Peyton's history of colon cancer and bowel problems, pancreatitis, visual impairments, and depression to be not severe; and Peyton does not bring these findings on appeal and, thus, any arguments related to those findings are waived.

However, the ALJ found there was a severe impairment of degenerative joint disease of the left knee due to a fall in early 2006 that injured her knee. That's in the record at page 22. Since then, Peyton has reported daily achiness, weakness, pain, stiffness, intermittent redness, warmth and swelling of her left knee. Peyton reported several falls due to her knee, including a 2010 visit to Wishard Hospital primary care clinic after her left knee gave out. That is in the record at pages 266 and 315.

The ALJ found Peyton did not satisfy step three, as she did not have a severe impairment or a combination of impairments that met or medically equaled the severity of a listed impairment. At step four, the ALJ determined Peyton could perform a range of light exertional work. At step five, the ALJ relied on the vocational expert's testimony and concluded that Peyton could be a housekeeper, cleaner, cafeteria attendant and cashier. The ALJ found Peyton was not disabled. The Appeals Council denied plaintiff's request for review, and this appeal followed.

In considering this appeal, the Court must uphold the ALJ's finding as long as his decision is supported by substantial evidence. Blakes v Barnhart, 331 F.3rd 565 at 568 (Seventh Circuit 2003). The ALJ is obligated to consider all relevant evidence. Denton versus Astrue, 596 F.3rd 419 at 424, (Seventh Circuit 2010). However, the ALJ need not

2

mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion.

In plaintiff's brief, she asserted that Dr. Elizabeth Brater is a treating physician because she had the opportunity to evaluate Peyton in person; and as a treating physician, Peyton asserted that Dr. Brater's findings should have controlling weight.

The plaintiff backed off of this position at oral argument, and I agree that Dr. Brater is not a treating doctor. A treating source has an ongoing relationship with the claimant, whereas a nontreating source has examined the claimant but has no ongoing relationship with her. A doctor who examines a claimant only one time is not a treating source and is not entitled to controlling weight. White versus Barnhart, 415 F.3rd 654 at 658 (Seventh Circuit 2005).

Dr. Brater is a consultative doctor who examined Peyton one time on November 20th, 2010, for a disability assessment and has no ongoing relationship with her. Thus, Dr. Brater is a nontreating source and not entitled to controlling weight.

Thus, let me turn to the real issue in this case, which is whether the ALJ, nevertheless, gave proper weight to Dr. Brater's opinion in creating an accurate RFC determination.

Peyton asserts that the ALJ's RFC determination is improper because the ALJ gave greater weight to Dr. M. Ruiz, a state agency doctor, than to Dr. Brater. Specifically, Peyton asserts the ALJ erred by not considering all the factors found in 20 CFR Section 404.1527 (c) and 416.927 (c) when weighing Dr. Brater and Dr. Ruiz' medical opinions.

I agree that the ALJ's decision has multiple shortcomings, including that the ALJ did not explicitly mention these factors in his opinion. In addition, despite identifying Dr. Brater as Elizabeth Brater on pages 22 and 26 of the record, the ALJ later refers to Dr. Brater as "he" and refers to "his opinion." That's in the record at page 28.

The ALJ's opinion also is muddled at page 29 of the record when referring to certain doctors' opinions when the ALJ writes "These doctors saw did not see the full record received at the hearing level." Also, I see nowhere in the ALJ's opinion where he refers to Dr. Ruiz specifically by name.

That being said, the question before me is not whether the ALJ's decision was well written or whether the ALJ properly referred to the doctors' genders. Rather, the question is whether the ALJ's decision is supported by substantial evidence; and, more specifically in this case, where plaintiff claims the ALJ improperly favored Dr. Ruiz' assessment over Dr. Brater, the issue is whether the ALJ minimally articulated his reasons, which the Seventh Circuit explained is a very deferential standard that the Seventh Circuit has deemed lax, Bivens versus Astrue, 2013 Westlaw 131-9585 at 6, Southern District of Indiana, March 29, 2013, quoting Berger versus Astrue, 516 F.3rd 539 at 545 (Seventh Circuit 2008). See also Elder versus Astrue 529 F.3rd 408 at 415 (Seventh Circuit 2008) with the same holding.

In considering whether the ALJ minimally articulated his reasons, it bears emphasizing that Dr. Brater was not a treating medical source. The regulations require a higher degree of articulation when an ALJ decides that a treating medical source opinion is entitled to less weight.

4

Plaintiff also argues that the ALJ was obligated to give more weight to Dr. Brater's opinion because greater weight must be given to a medical source who examined a claimant than to a medical source that did not. However, whether a medical source examined a claimant is not dispositive and is only one of several factors an ALJ considers in weighing an opinion. See generally 20 CFR Sections 404.1527 (c) and 416.927 (c).

Contrary to plaintiff's suggestion, the regulations do not state that an opinion from an examining medical source will always be given more weight than an opinion from a nonexamining source; and the fact that Dr. Brater examined plaintiff only once further undermines the suggestion that her opinion is entitled to special deference.

Plaintiff argues that the ALJ did not explain how he arrived at the RFC finding. I disagree. The ALJ explained that he adopted the exertional, postural and environmental limitations found in the state DDS medical source opinions.

In December 2010, Dr. Ruiz reviewed plaintiff's medical records and assessed her physical limitations. That's in the record at pages 322 through 329. Dr. Ruiz opined that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours per work day, sit for six hours per work day, never climb ladders, ropes and scaffolds, occasionally perform all other postural maneuvers, and avoid concentrated exposure to wetness and hazards such as machinery and heights. That's in the record at pages 323 through 326.

The limitations described by Dr. Ruiz were almost identical to those found by the ALJ, except that the ALJ determined that plaintiff could stand and/or walk and sit for no more than 30 minutes at a time and could frequently, as opposed to constantly, be

5

exposed to wetness, moving machinery and dangerous heights. That's in the record at page 29. Contrary to plaintiff's argument, the ALJ modeled his RFC finding on Dr. Ruiz' opinion, which he adopted.

At oral argument, plaintiff raised several other arguments such as the failure to summon a medical advisor and made reference to findings regarding the plaintiff's cognitive abilities. Reference was also made to a change in the plaintiff's age category, but none of those arguments are raised in the plaintiff's brief; and, in fact, no reply brief was filed in this case. So those issues can't be considered for any basis.

It would have been preferable for the ALJ to more specifically analyze the medical evidence. When an ALJ fails to do so and compounds this failure by writing a sometimes muddled opinion that inconsistently refers to the gender of a key doctor who examined plaintiff, red flags are raised. But because Dr. Brater was not a treating doctor whose opinion is entitled to controlling weight, and because the ALJ minimally articulated his reasons for modeling his RFC findings on Dr. Ruiz' opinion, I will recommend that the ALJ's opinion be affirmed.

I will ask the court reporter to transcribe that portion of this argument that reflects this recommended decision, and any appeal from this recommendation must be made within 14 days after that transcript is filed with the court.

> Anything else from the plaintiff?
>
> MR. MYERS: No, Judge.
>
> THE COURT: Anything else from the defendants?
>
> MS. KOHN: No, thank you.

THE COURT: Thank you.

Dated: 12/1/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael G. Myers
mgmyers10@sbcglobal.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Carole J. Kohn
US SOCIAL SECURITY ADMINISTRATION
carole.kohn@ssa.gov